**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Care and Treatment of Elijah Deshawn Whack, Appellant.

Appellate Case No. 2022-000550

Appeal From Clarendon County
Kristi F. Curtis, Circuit Court Judge

Unpublished Opinion No. 2025-UP-029
Submitted November 1, 2024 – Filed January 29, 2025

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:**  Elijah Deshawn Whack appeals his civil commitment to the Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act.[1]  On appeal, Whack argues the trial court erred in refusing to charge the jury on the full definition of circumstantial evidence pursuant to *State v. Logan*, 405 S.C. 83, 747 S.E.2d 444 (2013).  We affirm pursuant to Rule 220(b), SCACR,

---

[1] *See* S.C. Code Ann. §§ 44-48-10 to -170 (2018 & Supp. 2024).

and the following authorities: *Logan*, 405 S.C. at 99, 747 S.E.2d at 452 (holding that when the State relies on circumstantial evidence, the trial court should—if requested—charge the jury that "to the extent the State relies on circumstantial evidence, all of the circumstances must be consistent with each other, and when taken together, point conclusively to the guilt of the accused beyond a reasonable doubt"); *State v. Herndon*, 430 S.C. 367, 373, 845 S.E.2d 499, 502 (2020) (explaining the failure to give a requested *Logan* charge is subject to a harmless error analysis); *Logan*, 405 S.C. at 90, 747 S.E.2d at 448 ("In reviewing jury charges for error, [the appellate courts] consider[] the trial court's jury charge as a whole and in light of the evidence and issues presented at trial."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial . . . ."); *State v. Brooks*, 428 S.C. 618, 628, 837 S.E.2d 236, 241 (Ct. App. 2019) ("The appellate court 'must review the facts the jury heard and weigh those facts against the erroneous jury charge to determine what effect, if any, it had on the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 145, 498 S.E.2d 212, 218 (Ct. App. 1998))); *State v. Jenkins*, 408 S.C. 560, 573, 759 S.E.2d 759, 766 (Ct. App. 2014) (holding "any error in the omission of other language from the *Logan* instruction was harmless beyond a reasonable doubt because the trial court's instruction, as a whole, properly conveyed the applicable law").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.